# KOHEI OISO *v.* FRANK PORSEE AND FRANK PORSEE, GUARDIAN OF THE PROPERTY OF OLIVIA PORSEE.

## No. 1375.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT. HON. H. L. ROSS, JUDGE.

SUBMITTED JULY 27, 1922.  DECIDED SEPTEMBER 12, 1922.

PETERS, C. J., EDINGS AND PERRY, JJ.

CONTRACTS—*consideration.*

Where a landowner employs another to plant her land to cane and the wages of the employee are contingent upon the amount to be realized by the employer from the sale of crops produced and the employee, in order to secure the benefits of a profit-sharing bonus offered by a mill company to cane planters who might contract with it for the sale of present and future crops in addition to the prices paid or to be paid by it for similar crops to non-contracting planters, induces the employer to join with him in selling to the mill company two of the crops to be produced by him under the contract of employment, upon the agreement and understanding between himself and his employer that all bonuses received from the mill company should be equally divided between them and the employer, in so doing, waives substantial rights reserved to her under the original contract of employment and assumes new and additional personal obligations and imposes upon her land easements or rights in the nature of easements to be enjoyed by the mill company, not contemplated by the terms of the contract of employment, the employer suffers a detriment which constitutes a good consideration for a waiver by the employee of the original conditions of his employment in respect to the payment of wages so far as they are affected by the element of a profit-sharing bonus and the agreement between the employer and the employee to divide the bonuses to be received equally between them.

OPINION OF THE COURT BY EDINGS, J.

On December 27, 1918, Olivia Porsee entered into a

written contract with the appellant, plaintiff below, by which the former employed the latter to plant, bring to maturity and harvest three crops of cane upon her land at Kalaimanu, Hawaii. Among other conditions of the employment it was provided that the work and labor were to be performed by the appellant subject to her supervision and to her entire satisfaction and that the cane was to be cut, weighed and transported to the flume when ordered by her. For this labor she agreed to pay appellant the surplus remaining from the proceeds of sale to a milling company after deducting all advances made by her and 90 cents per ton on the first crop and $1.10 per ton on the second and third crops, which she reserved to herself.

On March 5, 1920, both parties entered into an agreement with the Pepeekeo Sugar Company by which the former, as planters, agreed to plant to cane the same land subject to the employment contract and bring to maturity two crops of cane, to mature, respectively, in the years 1920 and 1922, and sell the same to the milling company. This agreement provided a fixed price per ton to be paid the planters for the cane produced and in addition thereto contained a provision for a profit-sharing bonus to be distributed to the planters, the method of the computation of the amount thereof depending upon contingencies immaterial to be noted here.

This action results from a dispute between the appellant and one Frank Porsee, brother and legal representative of Olivia Porsee (the latter having in the meantime become insane), as to the disposition of a bonus paid by the Pepeekeo Sugar Company in respect of the first crop which matured in 1920, the former contending that its disposition was controlled by the terms of his contract with Olivia Porsee, while the latter claims that its disposition was controlled by a contract orally entered

into between appellant and Olivia Porsee in the latter part of the year 1919 or early in 1920, by which it was agreed between them to enter into the said contract with the Pepeekeo Sugar Company and divide such bonuses as might be paid them thereunder equally between them.

The terms of both the contract of employment and the cane-selling agreement are clear and unambiguous and there is no dispute as to their interpretation. The only issue of fact before the trial court was the existence and terms of the oral agreement. In that regard the court found that appellant desiring to avail himself of the bonus for cane cultivated and harvested by him under his contract with Olivia Porsee repeatedly requested and urged her to enter into a contract with the Pepeekeo Sugar Company; that she at first refused to do so and finally consented upon the express agreement and understanding by the appellant with her to share such bonuses as might be received equally between them and in consideration of this oral agreement for an equal division of bonuses she entered into the contract with the Sugar Company.

It appeared from the evidence, and the court found that the bonus had been divided equally between the parties and ordered judgment for defendant accordingly.

Appellant brings but one exception to this court—that the decision is contrary to the law and the evidence and the weight of the evidence—and in support thereof contends that the oral agreement was without consideration.

Obviously, if the contract with the Pepeekeo Sugar Company required nothing further of Olivia Porsee and she thereby personally or in respect to her land to be planted thereunder undertook no further obligations nor assumed any greater burdens than those expressly or by necessary implication imposed by her original contract of employment of appellant there would be no considera-

tion to support a waiver by the appellant of the terms of his contract of employment controlling the disposition of the proceeds of sale of crops produced thereunder, inclusive or exclusive of any bonus.

The cane-selling agreement, however, was in respect to the first and second crops to be produced by the appellant under his contract of employment; by its terms were imposed upon Olivia Porsee, in substance, the same labor and duties as had been assumed by the appellant under the terms of his employment; whereas formerly the labor to be performed by the appellant was under the supervision, direction and control of Olivia Porsee and was to be performed to her entire satisfaction, that power under the cane-selling agreement was delegated to the Pepeekeo Sugar Company, and whereas by the contract of employment no burdens were impressed upon the land subject thereto further than those implied by the terms of employment the cane-selling agreement granted to the milling company easements or rights in the nature of easements, one of which, though not the least important, but sufficient for the purposes of this opinion, was a right of way granted to the milling company by which it was privileged during the term of its contract to construct flumes and railroads over, through and across the land to be planted for the purpose of transporting thereover other crops owned or controlled by the milling company.

It would appear from the terms of the contract of December, 1918, that the appellant's obligations were ended when he had cut, weighed and transported the cane to the flume and the obligation to dispose of the crops produced at the best available market price rested upon Olivia Porsee. The trial court found as a fact that independent producers of cane could not secure the advantages of the bonus provision offered by the Pepeekeo Sugar Company unless the same was sold and milled under

the usual form of cane-selling agreement employed by the Pepeekeo Sugar Company and which was the form used in the contract of March 5, 1920. The waiver by Olivia Porsee of the rights reserved to her under the original contract of employment and her assumption of new and additional personal obligations and the imposition upon her land of easements or rights in the nature of easements to be enjoyed by the milling company were a detriment to her and consituted a good consideration for the waiver by the appellant of the original conditions of his employment in respect to the payment of wages so far as they were affected by the element of a profit-sharing bonus and the agreement between him and Olivia Porsee to divide the bonuses to be received equally between them.

The exception is overruled.

*W. H. Beers* and *I. M. Stainback* for plaintiff.

*J. W. Russell* for defendants.